**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kuiper Ventures LLC,<br>Plaintiff,<br><br>v.<br><br>A Glory Corp.,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-14666 |

## <u>Complaint</u>

**NOW COMES** Plaintiff Kuiper Ventures LLC ("Plaintiff" or "Kuiper Ventures"), by and through its undersigned counsel, and hereby brings this Complaint against A Glory Corp. ("Defendant"), and alleges as follows:

### Nature of the Action

**1.** This action has been filed by Plaintiff to address Defendant's making, using, offering for sale, selling and/or importing into the United States unauthorized and unlicensed products which infringe Plaintiff's patented design (the "Infringing Products"). A true and correct copy of Plaintiff's U.S. Design Patent (the "Plaintiff Patent") is attached hereto as **Exhibit 1**.

**2.** Defendant conducts their illegal operations through fully interactive commercial storefronts on third party platforms including, at least, the Amazon.com Storefront identified on Schedule A attached hereto (the "Defendant Online Store"). *See*, **Schedule A**. Plaintiff is forced to file this action to combat Defendant's infringement of its patented design, as well as to protect unknowing consumers from purchasing Infringing Products over the internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from, *inter alia*, making, using, selling, offering for sale, and importing its patented design as a result of Defendant's actions and seeks injunctive and monetary relief.

### Jurisdiction and Venue

**3.** This Court has subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq*., 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a)-(b).

**4.** Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant directly targets its business activities toward consumers in the United States, including Illinois and this Judicial District, through at least the Defendant Online Store. Specifically, Defendant is reaching out to do business with residents of Illinois and this Judicial District by setting up and operating at least one commercial, fully-interactive Defendant Online Store that offers shipping to the United States, including Illinois, accepts payment in U.S. dollars, and through which residents of Illinois and this Judicial District can purchase and/or have purchased unauthorized and unlicensed products which infringe Plaintiff's patented design. Defendant has sold and shipped at least one Infringing Product into Illinois and this Judicial District, has committed and is committing tortious acts in Illinois and this Judicial District, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

**Parties**

**5.** Plaintiff Kuiper Ventures LLC is a Wyoming limited liability company.

**6.** Defendant A GLORY CORP. is ostensibly a California corporation located at 15827 Molly Ave., Chino, CA 91708 and the registrant of the Defendant Online Store on Amazon.com.

**Plaintiff's Business**

**7.** Plaintiff is engaged in the design, marketing, offering for sale, and sale of various consumer products including travel blankets and blanket pouches.

**8.** The ornamental design of certain blanket pouches sold by Plaintiff is covered under the Plaintiff Patent.

**9.** Plaintiff is the lawful assignee of all right, title, and interest in and to the U.S. design patent attached hereto as **Exhibit 1** (the "Plaintiff Patent").

**10.** The Plaintiff Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

**11.** Plaintiff sells its products, including products that embody the Plaintiff Patent in e-commerce including via Amazon.com and Plaintiff's own website.

**12.** Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the Plaintiff Patent.

**Defendant's Unlawful Activities**

**13.** Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District through, at least, the operation of their fully interactive Defendant Online Store on Amazon.com.

**14.** Defendant targets the United States, including Illinois residents, and has offered to sell and has sold Infringing Products to consumers within the United States, including the State of Illinois and this Judicial District through, at least through the Defendant Online Store on Amazon.com.

**15.** Plaintiff's investigator visited the Defendant Online Store and purchased the Infringing Products, which were shipped into this Judicial District. Pictures of the Infringing Product that Plaintiff's investigator purchased from the Defendant Online Store and shipped into this Judicial District are attached hereto as **Exhibit 2**.

**16.** The purchased Infringing Product was reviewed and inspected, and it was determined that the purchased Infringing Product infringed design claimed in the Plaintiff Patent. A comparison of Plaintiff's claim in the Plaintiff Patent with the Infringing Products purchased by Plaintiff's investigator from Defendant demonstrates Defendant's infringement the Plaintiff Patent. *See*, **Exhibit 3**.

**17.** Defendant, without any authorization, license, or other permission from Plaintiff has offered for sale, sold, and/or imported into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the claim of the Plaintiff Patent, and continue to do so via, at least, the Defendant Online Store.

**18.** Defendant's infringement of the Plaintiff Patent in the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products was willful.

**19.** Defendant's willful infringement of the Plaintiff Patent in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products into Illinois, including this judicial district, is irreparably harming Plaintiff.

**Count I - Patent Infringement (35 U.S.C. § 271)**

**20.** Plaintiff hereby repeats, re-alleges, and incorporates by reference the allegations set forth in the preceding paragraphs.

**21.** Defendant makes, uses, offers for sale, sales, and/or import into the United States for subsequent use or sale products that infringe directly and/or indirectly the ornamental design claimed in the Plaintiff Patent.

**22.** Defendant has infringed the Plaintiff Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**23.** Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

**A.** That Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

**a.** making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the designs claimed in the Plaintiff Patent;

**b.** aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Plaintiff Patent; and

**c.** effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

**B.** Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish, Joom, and Dhgate (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe the ornamental designs claimed in the Plaintiff Patent;

**C.** That Plaintiff be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for Defendant's infringement of the Plaintiff Patent, but in no event less than a reasonable royalty for the use made of the inventions by the Defendant, together with interest and costs, pursuant to 35 U.S.C. § 284;

**D.** That the amount of damages awarded to Plaintiff to compensate it for infringement of the Plaintiff Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

**E.** In the alternative, that Plaintiff be awarded all profits realized by Defendant from their infringement of the Plaintiff Patent, pursuant to 35 U.S.C. § 289;

**F.** That Plaintiff be awarded its reasonable attorneys' fees and costs; and

**G.** Award any and all other relief that this Court deems just and proper.

Dated: November 24, 2026

Respectfully submitted,

/s/Adam E. Urbanczyk
AU LLC
444 W Lake St 17th Floor
Chicago, IL 60606
adamu@au-llc.com
Ph. (312) 715-7312
*Counsel for Plaintiff*